192           KOHLER & CHASE v. TURNER.

[No. 11972.   Department Two.   February 18, 1915.]

KOHLER & CHASE, INCORPORATED, *Appellant*, v. E. L.
TURNER, *Respondent*.[1]

SALES—CONDITIONAL SALES — REMEDIES OF SELLER — DEFENSES—
BREACH OF CONTEMPORANEOUS CONTRACT—DAMAGES—COUNTERCLAIM.
Under a conditional sales contract of goods, whereby the seller re-
tains title thereto until payment in full, he would not forfeit such
right of title from the fact that the purchaser suffered damage by
reason of the seller's breach of a contemporaneous contract to dili-
gently pursue sales prospects furnished by the purchaser, upon which
a commission was to be allowed and applied on the purchase price;
but such damages would merely be a subject of counterclaim, en-
titling the purchaser to recover for any damages actually suffered.

Appeal from a judgment of the superior court for Snoho-
mish county, Bell, J., entered October 18, 1913, upon find-
ings in favor of the defendant, dismissing an action of re-
plevin, tried to the court.   Reversed.

*Weter & Roberts*, for appellant.

*E. L. Turner*, for respondent.

MAIN, J.—The plaintiff brought this action in replevin
for the purpose of recovering the possession of a piano.
On December 22, 1910, by conditional sale contract, the
plaintiff sold and delivered to the defendant the piano in
question, the purchase price of which was $850.   Aside from
the payment made at the time of the purchase, the purchase
price was to be paid in monthly installments of $20 each.
By the terms of the contract, it was provided that "the ab-
solute ownership of said piano and the title in and to said
property shall be and remain in said first party (the plain-
tiff) or its assigns" until "the full and complete perform-
ance by said second party (defendant) of all the conditions
of this agreement by him to be performed."

On May 22, 1913, the defendant being in default upon
payments then due and unpaid to the extent of $130, after

[1]Reported in 146 Pac. 393.

demand being made for the possession, the present action was instituted. The defendant answered by certain admissions and denials of the allegations of the complaint, and also pleaded an affirmative defense. In the affirmative defense it was alleged that, at the time of the purchase, a collateral oral agreement was entered into whereby Mrs. Alta P. Turner, the wife of the defendant, who was a professional musician, should furnish the names of persons who she thought might be prospective purchasers of instruments, that the plaintiff would pursue these prospects diligently, and that, in the event of a sale, a commission was to be allowed which would be applied upon the purchase price of the piano in question. By reply, the affirmative defense was denied. The cause was tried to the court without a jury. The trial court found that the oral agreement pleaded was contemporaneous with, and became a part of, the written agreement; that the defendant furnished prospects, but that the plaintiff failed to perform its part of the oral agreement, to the damage of the defendant; that the court was unable to ascertain the defendant's damage; that the defendant had paid on account of the contract $615, and that there had accrued thereon the sum of $745, together with accrued interest. In other words, there was a balance due and unpaid of $130 and interest. The court concluded, as a matter of law, "that the plaintiff was not entitled to the possession of the piano on account of the breach of the contemporaneous oral agreement." A judgment was entered dismissing the plaintiff's complaint with prejudice. From this judgment, the plaintiff appeals.

The controlling question in this case is whether the appellant, by failure to pursue the prospects furnished by Mrs. Turner, assuming that such finding is supported by the evidence, would thereby forfeit its right to rely upon the terms of the written contract which gave the right to recover possession in the event of default on the part of the vendee. No question is raised as to the right of the respondent to

7—84 WASH.

plead the contemporaneous oral agreement, or to the competency of the evidence offered in support of the pleading.

The appellant claims that the extent of the respondent's remedy was to plead and prove the damage which he had sustained by reason of the breach of the contemporaneous oral agreement. The respondent claims that, by reason of this breach, he has the right to hold the piano free from that condition of the contract which provides that the title shall remain in the vendor until the purchase price is fully paid. Both parties rely, to some extent at least, for support of their respective contentions, upon the case of *Gilbert Co. v. Husted*, 50 Wash. 61, 96 Pac. 835. In that case the plaintiff brought an action to recover a piano which had been sold on a conditional sale contract. The defendant pleaded a contemporaneous written agreement, and the breach thereof, and claimed damages for such breach. It was there held that the "two contracts formed a part of the same transaction, and must be construed together," and that in an action by replevin to recover the goods sold, where there is a reservation of title in the vendor until the purchase price was paid, the vendee may, in defense, counterclaim for damages arising out of the contemporaneous agreement. There is one sentence in that opinion which, when removed from the context, would seem to support the respondent's contention. But the language of the opinion upon which the respondent here relies was used when the court was discussing the question of the right to counterclaim for damages in a replevin action. We think the court in that case did not intend to go further than to sustain the right to counterclaim for damages in the action in the case then before it. If the language of the opinion relied upon by the respondent here is to be given the effect which he claims, then it was spoken upon a question not then before the court, and would be mere dictum.

By the terms of the written contract in the present case, the vendor retained the title of the property until it should be fully paid for, and the right to recover possession thereof

in the event of default on the part of the vendee. The purpose of so retaining title was to secure the payment of the purchase price. Such contracts are valid. If the respondent prevails, it must be because the title to the piano has passed to him because the appellant failed to diligently pursue the prospects as provided for in the collateral oral agreement. If this were the rule, the security which the plaintiff retained by the written contract could be destroyed by the finding of a court or a jury that it had not fully performed the terms of a contemporaneous oral agreement. Such a rule is not supported by authority nor founded in reason. *Baird v. Grand Rapids School Furniture Co.*, 98 Mich. 457, 57 N. W. 729.

We think the rule of *Gilbert Co. v. Husted, supra*, giving the right to the vendee in a case of this kind to counterclaim for damages, should not be extended so as to destroy the appellant's security on account of the appellant's breach of the contemporaneous oral agreement. If the respondent was damaged by reason of this breach, he had a right to counterclaim for such damage. The fact that the amount of such damage would be difficult to prove should not alter the rule.

The judgment of the superior court must therefore be reversed. If the respondent shall pay the balance due on the purchase price of the piano, with interest, and all costs awarded against him within 30 days from the filing of the remittitur in the superior court, he may retain possession of the piano. Otherwise, a judgment must be entered for a return thereof, or its value.

Reversed.

FULLERTON, MOUNT, ELLIS, and CROW, JJ., concur.