# REMINGTON TYPEWRITER CO. v. RUTHERFORD.

No. 6524.   Opinion Filed March 7, 1916.

(156 Pac. 166.)

1.   **SALES—Conditional Sale Contract—Recovery of Property—Defense—Instruction.** In an action of replevin to recover a typewriter delivered to defendant under a conditional sale contract, because of default in the performance of the conditions, an instruction, that if the machine was in such condition that it would not do good typewriting that was a breach of the contract on the part of the plaintiff, and if the jury should so find such breach of contract constituted a defense to plaintiff's action, and which fails to charge that the jury must find that damage to the defendant resulted from such breach, constitutes reversible error. **Quaere:** May damages resulting from a breach of warranty of a machine delivered under a conditional sale contract be counterclaimed in an action of replevin based upon a default by the vendee in payment of the purchase price.

2.   **SAME—Evidence.** Evidence of a breach of an implied warranty of fitness in a machine to do the work for which it was intended, without evidence of damage resulting therefrom in an amount equal to or in excess of the unpaid installments due upon a conditional sale contract, constitutes no defense to an action of replevin brought by the vendor.

(Syllabus by Rummons, C.)

*Error from County Court, Creek County;*
*Warren H. Brown, Judge.*

Action by the Remington Typewriter Company, a corporation, against J. B. Rutherford. Judgment for defendant, and plaintiff brings error. Reversed, with directions.

*Pierce & McClelland,* for plaintiff in error.

*Pryor & Rockwood,* for defendant in error.

Opinion by RUMMONS, C. Plaintiff in error, hereinafter styled the "plaintiff," commenced this action before

a justice of the peace of Creek county against the defendant in error, hereinafter styled the "defendant," in replevin to recover a typewriter. Upon appeal to the county court, the cause was tried to a jury, resulting in a verdict and judgment for defendant, to reverse which judgment plaintiff prosecutes this proceeding in error.

Plaintiff alleged and proved a conditional sale of the typewriter in question to the defendant, and a default in the payment of four notes given by the defendant aggregating $45. The defendant's answer consisted of a general denial, and he offered evidence tending to show that the typewriter delivered to him by the plaintiff failed to do good work, and that it was frequently and almost continuously out of repair, and in such condition that his stenographer could not do satisfactory work with it. Defendant testified that at one time he paid $5 to have the machine repaired, and at another place in his testimony says that he spent in repairs upon the machine the sum of $11.

The only assignments of error necessary to be considered in a determination of this case are the giving of instruction No. 4 by the court, and the refusal of a peremptory instruction, requested by the plaintiff. The defendant sought to defeat the recovery of the typewriter by plaintiff because of an alleged breach of the implied warranty of fitness of the machine. We have examined the record in this case, and the only evidence we have been able to find in the record, upon which the jury could estimate any damage sustained by the defendant by reason of any breach of warranty, is the evidence of defendant that he had expended $11 in repairs upon the machine.

Instruction No. 4 given by the court is as follows:

"The jury are instructed that, when the plaintiff delivered to the defendant the machine, under the contract, the plaintiff warranted and guaranteed to the defendant that the machine would do the work for which it was intended under the contract, and that if the machine was in such condition that it would not do good typewriting that that was a breach of the contract on the part of the plaintiff, and, if the jury should so find that the machine was in such condition that it would not perform the work that it was intended to perform under the agreement, that would constitute a defense to the plaintiff's action for the possession of the machine."

This instruction is plainly erroneous. In it the court charges the jury that, if they should find that the machine was in such condition that it would not perform the work it was intended to perform, such fact would constitute a defense to the action of plaintiff for the possession of the machine. The question of whether or not defendant was damaged by reason of the failure of the machine to do the work it was intended to perform, and what the amount of such damage was, is entirely overlooked in this instruction; nor does the court cure this oversight in any other part of his charge. Any breach of an implied warranty of the fitness of the machine did not constitute a defense to an action by the vendor to recover possession of the machine for a default in payment of the installments thereon unless such breach resulted in damage to the defendant; and the jury are nowhere told that, in order to constitute a defense, they must find that the failure of the machine to do the work it was intended to perform resulted in damage to the defendant. *Spaulding Mfg. Co. v. Holiday,* 32 Okla. 823, 124 Pac. 35; *Spaulding Mfg. Co. v. Cooksey,* 34 Okla. 790, 127 Pac. 414; *Kansas City Hay Press Co. v. Williams,* 51 Okla. 6, 151 Pac. 570.

This action of replevin being based upon a conditional sale contract, in which title was retained in the plaintiff until the purchase price had been fully paid, it is contended by the plaintiff that evidence of a breach of an implied warranty was not competent under the issues to defeat recovery of the possession of the machine. We do not think it necessary for us to determine whether or not evidence of damage resulting from a breach of warranty constitutes a defense to an action of replevin brought by the vendor in a conditional sale contract to recover possession of the article sold because of default in the performance of the conditions by the vendee. If such evidence be competent, the defendant in this action could only defeat a recovery by proving a breach of the implied warranty of fitness of the machine for the purpose for which it was intended, resulting in damage to him in a sum equal to or greater than the balance unpaid and delinquent upon the purchase price. The court did not so instruct the jury, nor was there any evidence offered by the defendant upon which, except by the merest conjecture, the jury could have found any sum in which the defendant had been damaged beyond the sum of $11 for repairs testified to by the defendant, if it be admitted that such sum paid for repairs constituted an element of damage. As it was admitted that there remained a balance of $45 due and unpaid upon the conditional sale contract, there was no evidence before the jury upon the theory of the case advanced by the defendant which would justify a verdict for the defendant; and the peremptory instruction requested by the plaintiff should have been given by the court. *Scott v. Vulcan Iron Works*, 31 Okla. 334, 122 Pac. 186; *Kohler & Chase v. Turner*, 84 Wash. 192, 146 Pac. 393; *Dearing*

*Water Tube Boiler Co. v. Thompson,* 156 Mich. 365, 120 N. W. 801, 24 L. R. A. (N. S.) 748, at page 749.

This cause should be reversed and remanded to the court below, with instructions to render judgment for the plaintiff for the possession of the .typewriter in controversy.

By the Court: It is so ordered.