[No. 18964. Department Two. March 13, 1925.]

RALPH HALL, *Respondent,* v. WISA HALL, *Appellant.*[1]

SALES (172, 179-1)—CONDITIONAL SALES—CONDITIONS ON TRANSFER —EFFECT OF ASSIGNMENT. A clause in a conditional sales contract against recoupment, set-off, or counterclaim by the purchaser, in case of assignment of the contract, is not available where the real assignee is the vendor or one acting for him.

EVIDENCE (149)— PAROL EVIDENCE AFFECTING WRITINGS — CONDITIONAL SALES. A conditional sales contract reciting a down payment and fixing the future installments cannot be varied by parol evidence of a contemporaneous oral agreement, whereby the down payment was to be increased $150, or that amount credited on the installments, in case the purchaser's car (traded in as the down payment) should be resold at a certain price, which was done.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered April 26, 1924, upon the verdict of a jury rendered in favor of the plaintiff by direction of the court, in an action of replevin. Affirmed.

*William A. Gilmore,* for appellant.

*Patterson & Patterson,* for respondent.

[1]Reported in 234 Pac. 2.

HOLCOMB, J.—This is an action to replevy an automobile. At the close of appellant's defensive evidence, the trial court granted respondent's motion, nonsuiting appellant upon her counterclaim pleaded in defense of the action, and directed the jury to return a verdict for respondent. A motion for a new trial was unsuccessfully made by appellant, and judgment was entered upon the verdict so ordered.

Appellant purchased the car sought to be replevied from the Sunset Motor Company, a corporation, at Seattle, under a written conditional sale contract which is in evidence. The contract was made June 23, 1923. It was therein agreed that the total purchase price of the car was $1,519.50, of which $450 had been paid, and the balance was payable in equal monthly installments for twelve successive months. The title was to remain in the vendor until the full purchase price was paid. A day or so later, the instrument was sold and discounted by the Sunset Motor Company to the Seaboard Securities Company, a corporation engaged in that business. The Sunset Motor Company executed a written assignment of its interest in the contract and in the automobile to the securities company. The discounting of this instrument was for value, in the ordinary course of business, and the Seaboard Securities Company purchased the same without knowledge of any infirmity. Appellant failed to make any of the payments provided for in her contract, and the securities company assigned its interest in the automobile and the conditional sales contract to respondent, who commenced this action in replevin. The Sunset Motor Company advanced the entire consideration, $835, for the assignment to respondent. It appears that the $450 payment, recited as paid in the conditional sales contract, was not made in cash, but was made by appellant turning in a used automobile which

it was agreed was of that value, and it is her conten-
tion that, at the time the conditional sales contract was
executed, it was orally agreed between herself and the
Sunset Motor Company that, if her old automobile was
sold to one Williams for.$600, then the amount owing
by her on her contract was to be $150 less, or, as she
states it, that "a payment of $150 was to be endorsed
upon her contract"; that her old automobile was sold
to Williams, and that, if the sum of $150 be set off
against the amount due upon her contract, she would
not be in default.

She also pleaded and testified that the Sunset Motor
Company was to hold the conditional sales agreement
in its possession until she returned from a trip to
Spokane, and until it was determined whether or not
Williams would pay the sum of $600 for the old auto-
mobile; that subsequently Williams purchased her old
car for the sum of $600, but the motor company refused
to draw a new agreement because it had assigned the
conditional sales contract to the securities company,
and in lieu of giving a new agreement orally agreed
with her to pay and endorse the further sum of $150
on the agreement of June 23, 1923, which had been so
assigned to the securities company. She also alleged
and showed that she subsequently tendered to the se-
curities company the difference between the sum of
$150 and the amounts falling due on the contract, which
the securities company refused to accept; that in Sep-
tember, 1923, the securities company notified her that
it had assigned the conditional sales contract to re-
spondent, whereupon she then tendered to respondent
the amounts due according to her contention, but re-
spondent refused to accept the same.

Appellant asserts that respondent is not a *bona fide*
purchaser of the contract, but is simply the agent of
the Sunset Motor Company, acting for and on its be-

half, and took possession of the automobile from her for the purpose of cheating and defrauding her out of the possession and use of her car, well knowing that the Sunset Motor Company had agreed to endorse on the contract the sum of $150.

There were two provisions of the contract besides the one authorizing forfeiture in case of failure to pay the installments when due which respondent relied upon, one being as follows:

"It is further agreed that in the event the vendor shall in good faith assign and transfer this contract and the moneys payable thereunder to a third party, then the vendee shall be precluded from in any manner attacking the validity of this contract on the ground of fraud, duress, mistake, want of consideration, or failure of consideration, or upon any other ground, and all moneys payable under this contract by the vendee shall be paid to such assignee or holder without recoupment, set off, or counterclaim of any sort whatever."

The other is as follows:

"No representations or agreements other than as set forth herein have been made by or on behalf of the vendor as an inducement to the execution hereof by the vendee, or otherwise; and there are no other understandings or agreements between the vendor and vendee in reference to the above property or this note or contract."

The last clause is in heavy type at the bottom of the conditional sales contract immediately above the signature of Mrs. Hall.

Under the evidence in this case it is apparent that the Sunset Motor Company, the vendor in the conditional sales contract, is the real assignee of the contract from the securities company, and not respondent, so that the matter stands as it would have stood had there been no assignment whatever to any third party

from the motor company, as was the case in the assignment to the securities company. The clause against recoupment, set-off or counterclaim on the part of the vendee is, therefore, not available to respondent.

Neither are the statutory provisions regarding negotiable instruments, relied upon to some extent by appellant, available. This is not a suit upon the note portion of the contract for the collection of the debt, but is a suit upon the conditional sales portion of the contract for the recovery of the property. A conditional sales agreement is not a negotiable instrument.

Undoubtedly, however, the defense tendered by appellant is an attempt to vary her written contract by oral testimony. The defense so tendered is that there was a contemporaneous, not subsequent, agreement to the effect that her promise to pay the balance of the purchase price of the car was not absolute, but was in part contingent.

The trial judge based his action in directing a verdict in favor of respondent apparently on our holding in *Kohler & Chase v. Turner,* 84 Wash. 192, 146 Pac. 393, disallowing such a defense to an action of this character upon such a contract.

If the authority of that case is not sufficient to justify the action of the trial court, the clause in the contract itself declaring that "no representations or agreements other than as set forth herein" had been made, was certainly sufficient to exclude any evidence of any oral contemporaneous agreement to vary the terms of the contract.

On either or both of the grounds above suggested, the action of the trial court in directing judgment for respondent was correct, and it is affirmed.

Tolman, C. J., Mitchell, Mackintosh, and Fullerton, JJ., concur.