## NEELY v. THOMAS MOTOR CO.

No. 20393. Opinion Filed Sept. 8, 1931.

P. D. Busby, for plaintiff in error.

Whit Y. Mauzy and J. B. Coppedge, for defendant in error.

CULLISON, J. The Thomas Motor Company, as plaintiff, instituted suit against John Neely in replevin for the possession of one automobile. The parties will be referred to as they appeared in the lower court. The record discloses that defendant purchased one Studebaker automobile from plaintiff and signed a conditional sales contract for said car showing a certain amount due. Defendant made certain payments on said amount due, and then refused to make further payments thereon. Thereupon plaintiff instituted suit in replevin for the possession of the automobile. Defendant filed a general denial and the case went to trial.

Plaintiff offered proof showing the amount due on the car and the right to possession of the car under the conditional sales agreement. Defendant attempted to show as a defense that plaintiff had mispresented the car when selling the same to defendant; that plaintiff represented the car was a 1927 car, when in fact it was a 1926 car. The conditional sales contract stated that the car was a 1926 model. Plaintiff made application for and secured the insurance on the car. The insurance policy stated that the car was a 1927 car. Plaintiff also secured the title from the Highway Department and the certificate of title showed the car was a 1927 car. Defendant offered in evidence the insurance policy and the certificate of title from the Highway Department, but the court rejected said instruments as evidence, to which rulings exceptions were saved. Defendant also attempted to prove that he had conversations with representatives of plaintiff company at the time of purchasing the car and the car was represented to him at that time as a 1927 car. That some months later, when he learned of the difference, he called

on Mr. Thomas, president of plaintiff company, seeking to get an adjustment on the car, and was informed by Thomas that the car was shipped from the factory December 24, 1926, received in Tulsa January 24, 1927, and he saw no reason why it could not be sold as a 1927 car. Defendant offered proof that the manufacturer discontinued the manufacturing of the car in question in July, 1926. All of said proffers of testimony were refused by the court and exceptions saved. Thereupon the court directed the jury to return a verdict in favor of plaintiff for the return of the car or its value, and defendant appeals.

Defendant presents two questions in his brief, to wit: First, that the action was not brought by the real party in interest; and, second, the trial court erred in excluding defendant's evidence.

The first assignment of error is answered by the sales contract, contrary to the contention of defendant, and we need not consider it in this opinion.

We will now consider the second question of error. Plaintiff filed its action in replevin seeking possession of specific personal property. Defendant answered by a general denial. This raises the question of what proof can be introduced by a defendant in a replevin case under a general denial. The question was passed upon by this court in the case of Williams v. Gibson Bros., 60 Okla. 147, 159 Pac. 649, where it states (syllabus No. 1):

"Under a general denial in a replevin action, the defendant may make any defense which will defeat the plaintiff's claim of right to possession as against the defendant."

This decision was also affirmed in the recent case of Craighead v. Myers, 146 Okla. 25, 293 Pac. 192. Under the holdings of this court, where defendant pleads a general denial, he can introduce any evidence which will tend to defeat plaintiff's claim. The evidence offered by defendant showing that the automobile in question was an older automobile than represented by plaintiff was competent evidence to be considered in determining whether or not any amount was remaining due plaintiff. If nothing remained due plaintiff, its suit must fall. The record discloses no evidence on behalf of defendant as to the amount of difference as to the value of the car, if any, because it was an older model than represented. Neither did defendant proffer any testimony showing the difference in value of the car as represented and as it actually was.

The court should have permitted the evidence proffered to have been received, under the general denial pleaded by defendant. Defendant was entitled to introduce such evidence as would defeat plaintiff's claim. However, he did not go far enough with his proffer of proof. The record discloses $627.80 due on the contract for the car. Before defendant could prevail against plaintiff's cause of action, it was necessary that he offer evidence showing damages or payment of at least the amount due on the contract for the car, so as to extinguish the contract. As long as any amount remained due on the contract for the car, under the circumstances existing in the case at bar, plaintiff should prevail in its suit in replevin. In the case of Remington Typewriter Co. v. Rutherford, 56 Okla. 291, 156 Pac. 166, this court passed on the same question now under consideration, syllabus paragraph No. 2:

"Evidence of a breach of an implied warranty of fitness in a machine to do the work for which it was intended, without evidence of damage resulting therefrom in an amount equal to or in excess of the unpaid installments due upon a conditional sales contract, constitutes no defense to an action of replevin brought by the vendor."

Since defendant offered no evidence as to the amount he was damaged, nor made a proffer as to the amount of damage because of the difference in the year of the manufacture of the car, if such existed, there was no showing defendant was entitled to the credit on the indebtedness except as received. Under the authorities cited, plaintiff should prevail under its suit in replevin.

The decision of the lower court is affirmed.

LESTER, C. J., CLARK V. C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.