## RILEY MOTOR CO. v. WILKINS.

No. 27113.   Jan. 26, 1937.

Rehearing Denied March 2, 1937.

Pitchford & Pitchford, for plaintiff in error.

James M. Hays, for defendant in error.

PER CURIAM. As the parties to this appeal retain the same position as they did in the trial court, we will refer to the plaintiff in error as plaintiff and the defendant in error as defendant.

January 13, 1934, defendant purchased an automobile from plaintiff and in part payment executed a note to the plaintiff for $457, bearing interest at 10 per cent. per annum, payments to be made in installments, and on the same day gave the plaintiff a mortgage on the automobile to secure the payment of the note.

The defendant made payments from time to time on this note up to and including April 1, 1935, at which time his payments totaled $193.81.

On May 8, 1935, the attorneys for the plaintiff wrote to the defendant calling attention to the fact that he was in arrears with his payments and if satisfactory arrangements were not made they were instructed to commence replevin for possession of the automobile, and that after possession was procured they would proceed to sell the car and the proceeds of the sale thereby credited on the note.

On the 10th day of May, 1935, the defendant delivered the car to the plaintiff and the plaintiff immediately thereafter foreclosed its mortgage on the car by advertising the same for sale and selling the same. Plaintiff bid the car in at $175 and credited the amount on the defendant's note, leaving due thereon, as plaintiff claimed, $88.18, and the accrued interest.

Immediately thereafter the plaintiff filed suit against the defendant before a justice of the peace for the amount alleged to be due on the note after deducting the payments and credits.

The defendant filed an unverified answer containing a general denial, and further answered that he "delivered the automobile set out and described in the mortgage attached to the plaintiff's bill of particulars to the defendant, and that on May 20, 1935, plaintiff sold the same, in satisfaction of their claim aforesaid, and that the defendant did thereby satisfy said claim of the plaintiff herein."

Defendant further answered "that in the sale of the automobile to the defendant by the plaintiff they misrepresented the same to the defendant, claiming to have placed a new motor therein; that said claim was not true; that said automobile used oil in great quantities all of the time, and had little or no value, and that same was returned to the plaintiff who sold the same and satisfied their claim against the defendant."

The justice of the peace rendered judgment for the plaintiff, and the defendant

appealed to the district court, where, upon trial, verdict was rendered in favor of the defendant and judgment rendered thereon for the defendant.

Mr. Arnold, witness for plaintiff, testified that the accrued interest was $14.30 and the entire amount due was $102.49.

The defendant Wilkins testified, in his own defense, that shortly after buying the car he drove it to Colorado and back, traveling about 1,100 miles, and used eight gallons of oil; that it would use about one-half gallon to every 50 miles; that he made a number of complaints to the plaintiff about the car using too much oil, and that the plaintiff promised to fix it and tried to fix it but did not do so; that they did put in new piston rings, and that he kept on making his installment payments because he thought they would fix the car; that he gave it a thorough trial to see whether it would perform "as they indicated it would"; that it would not so perform.

The defendant testified that he turned the car back to the plaintiff because "it would not stand up to what it ought to have"; that it used too much oil, and that the plaintiff took charge of the car: that he turned it over to Mr. Marshall Smith, shop foreman; that he drove it inside and that plaintiff took charge of it.

At the end of the defendant's testimony, the plaintiff demurred to the defendant's testimony, which was overruled and plaintiff excepted.

The plaintiff then introduced further testimony, and after all of the testimony was in, the plaintiff renewed its demurrer to the defendant's evidence and requested the court to instruct the jury to return a verdict for the plaintiff for the sum of $102.49. This demurrer and request was overruled, and the plaintiff excepted.

The plaintiff filed a motion for new trial, setting up grounds that the verdict was not sustained by the evidence, and error of the court in overruling the plaintiff's demurrer to defendant's evidence, and error of the court in refusing plaintiff's request for peremptory instructions.

This motion for new trial was overruled and the cause appealed to this court.

The only question before this court is whether there was sufficient evidence to sustain the verdict and judgment for the defendant.

The execution and delivery of the note and mortgage were admitted. The regularity of the sale under the mortgage was not questioned. No claim was made that the payments shown on the note were not correct.

While no answer was required on the part of the defendant, he did file one and so limited his defense to the matters set up in the answer. Johnson v. Acme Harvesting Machine Co., 24 Okla. 468, 103 P. 638.

The defendant introduced no evidence to prove that the plaintiff accepted the car in satisfaction of the debt, nor that there was any agreement that the amount plaintiff received when it sold the car should be in full satisfaction of the debt. He did not ask for or receive the note or mortgage nor a receipt for payment. He says in his answer that he delivered the car to the plaintiff and the plaintiff sold the same "in satisfaction of their claim aforesaid, and that the defendant did thereby satisfy the claim of the plaintiff herein."

The defendant seems to base his defense on the theory that the selling of the car by the plaintiff satisfied the claim, but there is no proof of that fact other than that he returned the car to the plaintiff and they sold it. In his answer he states that the plaintiff misrepresented the car to the defendant by claiming to have placed a new motor therein and this claim was not true. There is no evidence to support this allegation. There is no evidence that plaintiff guaranteed the condition of the car when he sold it, nor is there any evidence as to how much the defendant was damaged, if any, by reason of the car using too much oil, nor is there any evidence that there was any representation about how much oil the car should have used.

Evidence of a breach of an implied warranty of fitness of a machine to do the work for which it was intended, without evidence of damages resulting therefrom, equal to or in excess of unpaid balance due upon conditional sales contract, constitutes no defense. Remington Typewriter Co. v. Rutherford, 56 Okla. 291, 156 P. 166.

"Where a debtor claims that payment is effected by a transfer to a creditor of something other than money, the burden rests on him to show that the creditor accepted the same in payment." 48 C. J. 684.

The same rule is laid down in 21 R. C. L. 45, as follows:

"While in the absence of any agreement to the contrary money is the sole medium of payment, still payment does not necessarily import delivery of money. It may

238

be made in merchandise or any commodity other than money which the parties to the transaction agree shall be accepted as payment; but the consent of the creditor to accept as payment the thing received is as essential as the purpose of the debtor that it shall have that effect, for a debtor cannot make his creditor a forced purchaser of the property or compel him to exchange his obligation for the property transferred, and this is eminently the case where no value is agreed on, or even spoken of at the time of the transfer."

The Court of Appeals of Alabama in the case of Waldrop v. Automobile Sales Co., 81 So. 180, says:

"Debtor who claims to have discharged obligation to pay money by payment in property other than money has the burden of proving that substituted performance was accepted by the creditor as the equivalent of payment in money or in satisfaction of the obligation."

The same rule is laid down by the Appellate Court of Indiana, 183 N. E. 807, in the case of Reidman v. Macht, and also by the Supreme Court of Washington in the case of Gattavara v. Caldwell, 12 P. (2d) 593. This rule seems to be universal.

As there is no evidence whatever that the plaintiff agreed to accept the return of the automobile in satisfaction of the debt, nor that the plaintiff had guaranteed that the car would not use as much as one gallon of oil to 100 miles, there was no evidence to support the verdict for the defendant, and the court should have sustained the demurrer to the evidence, or instructed the jury to return a verdict for the plaintiff.

The judgment of the lower court is reversed, and the trial court is instructed to render judgment for plaintiff.

The Supreme Court acknowledges the aid of Attorneys Harry Campbell and John B. Meserve in the preparation of this opinion. The attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Campbell and approved by Mr. Meserve, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, and HURST, JJ., concur.