Hart, J.
 

 Broadly stated, the question to be determined here is whether the operation of a maturity acceleration clause in an installment note given to the seller for the balance of the purchase price of goods sold, is suspended by the refusal of the buyer to continue to make payments on such note because there was, on the part of the seller, a breach of implied warranty of quality of the goods sold, but no rescission on the part of the buyer.
 

 This was not a sale by description, but a sale of goods installed under specifications which had been adopted and agreed upon by the parties. There was then an implied warranty under Section 8395 (1), General Code, that the goods were reasonably fit for the purpose for which they were sold. The jury found that there was a breach of the seller’s implied warranty of fitness. It is conceded that, under such circumstances, the defendant had the right to retain the goods and deduct from the face amount of the note a sufficient amount of the purchase price to cover the legally recoverable damages resulting from the breach of warranty.
 

 If, in a case where a breach of warranty is claimed by the purchaser of goods, he asserts a counterclaim for such breach in an action against him to enforce his installment promissory note representing the purchase price, and the jury finds there was no breach of warranty, the maturity acceleration clause in the note continues to operate and a judgment for the entire
 
 *544
 
 amount of the note is proper if he is in default in the payment of any of the installments.
 

 On the other hand, if, in such case, the jury finds that there is a breach of warranty and that the purchaser’s damages equal or exceed the amount of the matured installments due on the note, the maturity acceleration clause is inoperative and a judgment in favor of the purchaser for his damages operates as a credit upon the note.
 

 The question, however, in this case, is: What are the rights of the parties where the jury finds that there is a breach of warranty but also finds that the purchaser’s damages are less than the amount of matured installments due upon his note at the time judgment is rendered? Is the maturity acceleration clause operative, notwithstanding such breach of warranty, and is the seller entitled to judgment for the full amount of his note less the damages found by the jury? The Common Pleas Court found that the acceleration clause was operative and the Court of Appeals affirmed the judgment.
 

 The purchaser has the burden of proving his damages under a claim of breach of warranty. On the other hand, the seller, in case he is claiming judgment in the full amount of his note under an acceleration clause, has the burden of showing that his note has so matured at the time judgment is entered. Having this burden, may he claim a right to judgment so long as he is in default for an undetermined amount of damages?
 

 The defendant claims that if the jury finds any sum due the defendant by way of damages, there has necessarily been a default upon the part of the plaintiff as the seller of the goods, and that by reason of such default the plaintiff has no right to recover under the acceleration clause of his note.
 

 The exact question here presented does not appear
 
 *545
 
 to have been heretofore before the courts of this state, and counsel admit that they are unable to cite any similar case from other jurisdictions.
 

 There may be found an analogous doctrine in the law of conditional sales contracts. By the weight of authority, where the seller under a conditional sales contract has the right, upon default of the purchaser in making payments under the contract, to repossess the property sold, the purchaser may, as a matter of defense under the assertion of a counterclaim in such action, show that he is entitled to credits which make his contract current at the time plaintiff’s possessory action is instituted; and the purchaser may show, as such defensive credits, damages arising from a breach of warranty in the quality of goods sold
 
 (United States Hoffman Machinery Corp.
 
 v.
 
 Ebenstein,
 
 150 Kan., 790, 96 P. (2d), 661, 130 A. L. R., 758, affirmed on rehearing, 152 Kan., 198, 103 P. (2d), 788;
 
 Wayne Tank & Pump Co.
 
 v.
 
 Harper,
 
 118 Okla., 274, 247 P., 985); and if such credits equal or exceed the amount of matured payments on the purchase price, the credits will serve to defeat plaintiff’s possessory action. See
 
 Battle Creek Bread Wrapping Mach. Co.
 
 v.
 
 Paramount Baking Co., 88
 
 Utah, 67, 30 P. (2d), 323.
 

 But if such credits, including damages for breach of warranty, are less than the accumulated and overdue unpaid installments upon the contract, the plaintiff is entitled to succeed in his possessory action based upon the default of the defendant in making payments in accordance with the contract.
 
 Remington Typewriter Co.
 
 v.
 
 Rutherford,
 
 56 Okla., 291, 156 P., 166;
 
 Mercantile Trust Co.
 
 v.
 
 Roland,
 
 143 Okla., 190, 288 P., 300;
 
 Zimmerman
 
 v.
 
 Sunset Lumber Co.,
 
 57 Ore., 309, 111 P., 690, 32 L. R. A. (N. S.), 123, Ann. Cas. 1913A, 103;
 
 McCargar
 
 v.
 
 Wiley,
 
 112 Ore., 215, 229 P., 665; 47 American Jurisprudence, 95, Section 888.
 

 If, in such conditional sales cases, the plaintiff as
 
 *546
 
 seller is entitled to recover possession of Ms property notwithstanding there was a breach of warranty in its sale, it would seem that the plaintiff in this case, not being liable to the defendant for damages for breach of warranty in excess of the installments due, could enforce his note under the acceleration clause for the balance due thereon. This is because the defendant, notwithstanding the credit for Ms damages for breach of warranty, was still in default in his payments.
 

 In the case of
 
 Haines
 
 v.
 
 Commercial Mortgage Co.,
 
 200 Cal., 609, 254 P., 956, the plaintiff had executed a note to the defendant, principal and interest being payable in monthly installments with a maturity acceleration clause in case of default. Usurious interest was charged. After the plaintiff had paid certain installments, he brought an action to recover treble damages for the usurious interest which he had paid and sought an injunction against the defendant to prevent the enforcement of payment of the balance on the note until the completion of the full period of time covered by the note should have elapsed. The plaintiff was permitted to recover triple damages for interest paid and to credit such damages against payments on the note. The plaintiff, however, being still in default on the monthly installments of principal, it was held that the defendant could enforce the acceleration clause of its note and recover the full balance of principal under the acceleration clause, provided the amount of trebled damages recovered was less than the defaulted payments. The court in sustaining the acceleration clause said:
 

 “We have no hesitancy in holding that in an obligation such as we have before us the full payments called for in the promissory note must be paid in order to prevent default, as well as to prevent acceleration of the maturity date of the remainder of the principal; that, inasmuch as the claim for interest is void, all payments will be referred to the principal and the ob
 
 *547
 
 ligation thus finally extinguished. If default has been or is hereafter made in the payment in full of these installments, the whole of the obligation (without interest) may, at the option of the holder of the note, be declared due and payable.”
 

 In the opinion of this court, since the defendant’s damages which he sought to have applied on the note were found to be less than the current installments due, the plaintiff, as a matter of fact, was not liable to defendant and therefore could enforce the note, including the acceleration clause, according to its terms.
 

 It is claimed that this rule works a great hardship upon the purchaser who seeks to recoup damages for a breach of warranty in the sale of goods. However, he may protect himself at any time by instituting an independent action for a breach of warranty and crediting his recovery on currently due installments without breaching his contract of payment under the note.
 

 The conclusions here reached require the court in such a case to charge the jury as to the effect of the application of credits including damages for breach of warranty, if. any, as affecting the maturity of the note and the operation of the acceleration clause. The failure of the court to so charge in this case was not prejudicial since the defendant failed to recover by way of damages an amount equal to or greater than the payments in default.
 

 The judgment of the Court of Appeals therefore will be affirmed.
 

 Judgment afirmed.
 

 Weygandt, C. J., Matthias, Zimmerman, Williams and' Turner, JJ., concur.
 

 Bell, J., dissents.