MAYER v. KLUG ET AL.

*Pleading — Counterclaim by automobile owner — In action by street car passenger — For injuries received in collision — Section 11317, General Code.*

The owner of an automobile who has been joined with a traction company as defendant in an action for damages for injuries received by a street car passenger as the result of a collision, can not under Section 11317, General Code, file a counterclaim against the traction company and thus litigate his rights as against the traction company in such action.

(Decided March 17, 1919.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. DeCamp & Sutphin* and *Mr. L. Brumleve,* for plaintiff in error.

*Mr. Theodore Horstman* and *Mr. H. Kenneth Rogers,* for defendants in error.

CUSHING, J. Otto Klug brought suit against The Cincinnati Traction Company and Charles F. Mayer in the superior court. He charged that an automobile owned and operated by Mayer collided with a street car of the traction company; that he was a passenger on said car and was injured by being thrown to the street as a result of the collision, due to the negligence of both defendants. Defendant Mayer answered the petition, denying negligence, and filed a counterclaim against the traction company. Klug moved to strike the counterclaim from the answer and cross-petition. The motion was granted. Error is prosecuted to that order.

Section 11317, General Code, provides:

"A counterclaim is a cause of action existing in favor of a defendant against a plaintiff or another defendant, or both, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action."

Two parts of this section are presented for interpretation: (1) "and arising out of the * * * transaction set forth in the petition as the foundation of the plaintiff's claim," and (2) "connected with the subject of the action."

Transaction has been defined:

"The management or settlement of an affair."

"As ordinarily implied, it is understood to mean the doing or performance of some matter of business between two or more persons."

It is not confined to what was done at one time or in one day or at a single time or place. It is not synonymous with accident or occurrence.

The counterclaim here does not fall within the provisions of the statute relating to contract or transaction.

The remaining phrase, "connected with the subject of the action," will be considered in connection with the law governing causes of action sounding in tort.

Of the many cases examined we find few that shed any real light on this case.

In *The B. & O. Rd. Co.* v. *Hollenberger,* 76 Ohio St., 177, the supreme court discussed the phrase "subject of the action," with reference to Sections 3374 and 3376, Revised Statutes (Sections 8977 and 9002, General Code), for the recovery of a penalty for the violation of said sections. In the opinion the court says at page 180, "the subject of an action is either property (as illustrated by a real action), or a violated right." The subject of an action, in its strict sense, is the subject-matter applied to a particular case, as, the right of the plaintiff in a case to recover a penalty for the violation of the statute. A cause of action is the right to bring a suit.

In that case, the court mentions the phrase "connected with the subject of the action," but does not discuss or decide anything with reference to it.

This phrase has been the subject of judicial discussion for many years. In 1858 Judge Comstock said:

"Its language is, I think, well chosen for the purpose intended, because it is so obscure and so

general as to justify the interpretations which shall be found most convenient and best calculated to promote the ends of justice. It is certainly impossible to extract from a provision so loose and yet so comprehensive any rules less liberal than those which have long prevailed in courts of equity." *N. Y. & N. H. Rd. Co.* v. *Schuyler,* 17 N. Y., 592, 604.

In 1876 Chief Justice Church said:

"This language is very general and very indefinite. I have examined the various authorities upon this clause, and I am satisfied that it is impracticable to lay down a general rule which will serve as an accurate guide for future cases. It is safer for courts to pass upon the question as each case is presented. To invent a rule for determining what the 'same transaction' means, and when a cause of action shall be deemed to 'arise out' of it, and what the 'same subject of action' means, and when the transactions are to be deemed connected with it, has taxed the ingenuity of many learned judges, and I do not deem it necessary to make the effort to find a solution to these questions." *Wiles* v. *Suydam,* 64 N. Y., 173, 177.

In this case the counterclaim in no way tends to affect the plaintiff's right of recovery. Its purpose is to shift responsibility from the automobile owner to the traction company, and for the recovery of a judgment, by Mayer, against that company. Under pleadings, Klug did not owe Mayer any duty. The duty that Mayer and the company owed Klug was different from that owing to each other.

The complexities that would arise in a trial into which were injected several controversies involving

different standards of care, and different measures of damages, with evidence introduced that was admissible against some but not against all parties, might well merit the characterization of "extraor-dinary intermingling of causes of action," used by the court in *City of Cleveland* v. *The Standard Contracting Co. et al.,* 21 C. C., N. S., 604, 605.

2 Lewis' Sutherland Statutory Construction, Section 488, uses the following language:

"'In the consideration of the provisions of any statute, they ought to receive such a reasonable construction, if the words and subject-matter will admit of it, as that the existing rights of the public, or of individuals, be not infringed.' Considerations of what is reasonable, convenient, or causes hardship and injustice, have a potent influence in many cases. It is always assumed that the legislature aims to promote convenience, to enact only what is reasonable and just."

The language of the statute is broad. If the contention of plaintiff in error prevails, the rights of a plaintiff might be seriously infringed. Without attempting to define the phrase, "connected with the subject of the action," we are of the opinion this case does not come within the provisions of the statute.

The judgment will be affirmed.

*Judgment affirmed.*

SHOHL, P. J., and HAMILTON, J., concur.