No. 34,412

United States Hoffman Machinery Corporation, *Appellant,* v. Karl F. Ebenstein, doing business as The American Curtain and Rug Company, *Appellee.*

(96 P. 2d 661)

Opinion filed December 9, 1939.

*H. S. Roberts,* of Kansas City, *T. G. Newbill* and *W. A. Brannock, Jr.,* both of Kansas City, Mo., for the appellant.

*Louis R. Gates,* Kansas City, for the appellee.

The opinion of the court was delivered by

Allen, J.: The action is one in replevin for the return of certain machinery and equipment sold under the terms of an order and conditional sales contract dated November 3, 1934.

The machinery was described in the contract:

"Three (3) Hoffman Amico stretchers 54 x 180 less unit heaters, but with pipe coils and present rods and bars, Reference 15040, 15041, 15042.

"Two (2) 30 x 48 Vorclone low front motor driven by Dry Clng. Washers $2,265 and return of

"One Vorclone 30 x 48 U Shape D. C. washer motor belted, complete with motor and belts and starter and one American 32 x 54 brass cylinder and shell washer motor belted, complete with motor and belts and starter."

Defendant's second amended answer contained a general denial, and a counterclaim, which in substance alleged: That on August 11, 1933, defendant purchased from plaintiff certain machinery, and that the machines were defective in construction, operation and design and were incomplete, inefficient and unsatisfactory and could not be used in the defendant's business, and thereupon the plaintiff removed the machines and attempted to repair and reconstruct them and had them in its possession for a long period of time.

It was alleged that while the machines were thus in the possession

of the plaintiff and on November 6, 1934, the defendant purchased from plaintiff the machinery described in plaintiff's petition, above described.

It was alleged that three of the machines purchased from the plaintiff and replevied here were not reasonably fit for the purpose for which they were designed and purchased; that the three machines were the same and identical machines, except for certain replacements listed, as those ordered by defendant under contract dated August 11, 1933, which machines had not been satisfactory and could not be used; that the remaining two machines purchased from plaintiff and replevied here were satisfactory and that the price for these two satisfactory machines was and is the sum of $2,300; that the defendant has expended the following sums of money on the five machines: Return of 11 Hopkins vertical stretchers, $1,100; cash paid under contract of August 11, 1933, $100; credits allowed on or about November 6, 1934, $1,535; cash paid on or about November 6, 1934, $50; cash paid when notified to ship, $200; installments paid as set out in paragraph 12, $1,154.36; freight and installation charges paid, $355.38; total, $4,494.74.

The plaintiff replevied all five of the machines, and the defendant prays the return of the two satisfactory machines and a judgment for $2,194.74 damages, or in lieu thereof a judgment for $4,494.74, the total sum expended and for which the defendant has nothing to show, notwithstanding the breach of the implied warranty by plaintiff.

The plaintiff's demurrer to this answer and counterclaim was overruled. A reply was filed.

Plaintiff filed a motion for judgment on the pleading, which the court overruled.

This appeal is from the order overruling the demurrer and from the order overruling the motion for judgment on the pleadings.

It is asserted that the matters alleged and set up by defendant are not a proper subject of counterclaim.

Our statute G. S. 1935, 60-711, provides:

"The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action. The right to relief concerning the subject of the action mentioned in the same section must be a right to relief necessarily or properly involved in the action for a complete determination thereof, or settlement of the question involved therein."

In Pomeroy's Code Remedies (5th ed.), section 613, in discussing a similar code section, it is said:

"It mentions three alternatives—causes of action: (1) arising out of the contract set forth in the complaint, or (2) arising out of the transaction set forth in the complaint, or (3) connected with the subject of the action. Unless we would accuse the legislature of the most absurd and misleading tautology, this language was intended to affirm that there may be counterclaims which do not arise out of contract. Arising out of the 'transaction' and 'connected with the subject of the action' are placed in opposition to 'arising out of contract.' "

Similar comment on the counterclaim statute is found in Phillips on Code Pleading (2d ed.), section 374. In sections 376 and 377 the author refers to "transaction" and "subject of action" in the statute as follows:

"The code has enlarged the field in which the defendant is allowed affirmative relief by adding thereto a class of counterclaims which arise out of the transaction which is the foundation of the plaintiff's claim. This kind of counterclaim differs from one of the former class in that it may be asserted in an action not founded on contract, and it may not itself arise out of contract. The term 'transaction' is broader and more comprehensive than 'contract.' A contract is a transaction; but a transaction, while it may embrace a contract, may also relate to matters entirely in tort. Fraud in inducing the execution of a contract frequently forms the subject of a counterclaim of this kind.

. . . . . . . . . . . . . . . .

"Another class of counterclaims are those 'connected with the subject of the action.' These bear a more remote relation to the plaintiff's action than do those of the other two classes. In order to come within this class it is not necessary that a demand of the defendant against the plaintiff shall be a demand growing out of contract, nor must it arise out of the same transaction upon which the plaintiff's claim is based; it is requisite only that it shall be connected with the subject of the plaintiff's action. The 'subject of the action' means, in this connection, the thing in respect to which the plaintiff's right of action is asserted, whether it be specific property, a contract, a threatened or violated right, or other thing concerning which an action may be brought and litigation had."

That a counterclaim or cause of action for affirmative relief may be filed by the defendant in a replevin action is well settled in this state. (*Gardner v. Risher,* 35 Kan. 93, 10 Pac. 584; *Clement v. Field,* 147 U. S. 467, 13 S. Ct. 358, 37 L. Ed. 244; *General Refrigeration Sales Co. v. Roberts,* 145 Kan. 333, 65 P. 2d 269.)

Under our statute G. S. 1935, 60-102, the provisions of the code of civil procedure and all proceedings under it shall be liberally

construed, and this command applies to the counterclaim statute to the end that all controversies may be adjusted in a single action.

Our counterclaim statute does not require that the counterclaim itself shall be founded in contract, or arise out of the contract set forth in the petition; it is sufficient if it arises out of the transaction set forth in the petition, or be connected with the subject of the action. The contract set forth in the petition was dated November 4, 1934. The counterclaim alleged that on August 11, 1933, the defendant had purchased from plaintiff certain machinery which proved to be defective in construction and could not be used in defendant's business; that plaintiff removed the machines and attempted to repair them, and that they were in plaintiff's possession when the contract of November, 1934, was entered into; that some of these machines were to be returned to plaintiff in the purchase of the new machines.

The defendant by these connected contracts was attempting to secure machines to run his business. This course of dealing leading to the one end was clearly a "transaction" within the meaning of the statute as that term has been construed by this court, and certainly was "connected with the subject of the action."

Any express warranties in the contract did not preclude the existence of an implied obligation on the part of the plaintiff to deliver machinery fit for the purpose for which it was designed and made. (*Oliver Farm Equipment Co. v. Rich,* 134 Kan. 23, 4 P. 2d 465; *J. W. Jenkins Sons' Music Co. v. Stehley,* 139 Kan. 226, 31 P. 2d 33.) The counterclaim states a cause of action against the plaintiff on the implied warranty to furnish machinery fit for the purpose for which it was designed and for which it was sold.

We have considered various other points discussed in the briefs, but do not think they call for extended comment.

The judgment is affirmed.