SYLVESTER ET AL., *v.* EVANS, APPELLEE; HILSINGER, APPELLANT.

212

*Mr. Dennis J. Barron* and *Messrs. Frost & Jacobs,* for appellee.

*Mr. William H. Hutcherson, Jr.,* and *Messrs. Rendigs, Fry & Kiely,* for appellant.

O'CONNELL, J. In this case, a judgment was rendered in favor of the plaintiffs, Frank C. Sylvester and Progressive Mutual Insurance Company, against defendant Angelese Hilsinger, appellant herein, by the Municipal Court of Cincinnati. At the same time and in the same case, a judgment was rendered in favor of defendant Cecil Evans, appellee herein, and against the defendant-appellant on a cross-petition filed in this case by the defendant-appellant. On appeal to the Common Pleas Court, the judgment of the Municipal Court of Cincinnati was affirmed.

The case is in this court to determine whether the lower courts erred in overruling a motion to strike from the files the cross-petition, for the reason that the filing of such cross-petition, under the circumstances, was contrary to law. The other facts in the case are unimportant.

The propriety of filing such cross-petition rests entirely upon the meaning of the word, "transaction," as it is defined by Section 2309.16 of the Revised Code. This section, in part, is as follows:

"A counterclaim is a cause of action existing in favor of one or more defendants against one or more plaintiffs or one or more defendants, or both, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action or arising out of contract or ascertained by the decision of the court.

"Such counterclaim shall not be limited to the amount claimed by the plaintiff or defendant against whom such counterclaim is asserted."

It seems to this court that in this case a counterclaim does lie, for there is a cause of action in favor of one defendant against another defendant, which arises out of a transaction set forth in the petition as the foundation of the plaintiffs' claim. Now it is very true that the word, "transaction," usually refers to matters contractual. And there is no matter of contract between the defendant-appellant and the defendant-appellee. Such meaning can be found in the unabridged dictionaries of Webster in the 1931 and 1959 editions. It is true that the meaning, "affair," which can be found in the 1931 edition, has been dropped from the 1959 edition. It is also true that when the Legislature used the words, "contract or transaction," it was undoubtedly trying to include matters other than business dealings. And so in its broadest sense the word, "transaction," includes matters both *ex contractu* and *ex delicto*.

Let us look at 42 Words and Phrases, 356 *et seq.*

" 'Transaction' in ordinary and popular sense signifies [the] doing or performing of any affair, that which is done or in process of being done, or a matter or affair either completed or in course of completion. *Fouchek* v. *Janicek,* 225 P. (2d), 783, 790, 190 Or., 251.
" * * *

"A 'transaction' is something which has taken place, whereby a cause of action has arisen. It must therefore consist of an act or agreement, or several acts or agreements having some connection with each other, in which more than one person is concerned, and by which the legal relations of such persons between themselves are altered. *Baker* v. *S. A. Healy Co.,* 24 N. E. (2d), 228, 234, 302 Ill. App., 634.
" * * *

"A transaction is whatever may be done by one person which affects another person's rights, and out of which a cause of action may arise. * * * 17 Cal. App. (2d), 594.
" * * *

"Cause of action for injuries sustained when driver of defendant's taxicab in which plaintiff was a passenger left taxicab to get something to eat, and, while plaintiff was asleep, some unknown person allegedly drove taxicab away and collided with tree, and cause of action for libel because of newspaper inter-

view of defendant in which defendant stated that plaintiff stole taxicab, were properly joined because arising out of same 'transaction.' * * * 213 S. C., 541.

"* * *

"Term 'transaction' as used in the codes, includes actions brought to recover damages for tortious act. The term is not limited in meaning to a commercial negotiation or contract, but includes tortious or delictual doings as well. It is said to embrace any occurrence between parties that may become the foundation of an action, and is comprehensive in meaning. * * * 17 Cal. App. (2d), 594.

"* * *

" 'Transaction' is a broader term than 'contract.' * * * 193 S. C., 339.

"* * *

"The term 'transaction' is broader and more comprehensive than the word 'contract' in statute authorizing counterclaim arising out of contract or transaction set forth in petition or connected with subject of action, such a 'transaction,' while it may embrace a contract, may also relate to matters entirely in tort. * * * 150 Kan., 790.

"The term 'transaction' as used in counterclaim statute is not a technical term and must be construed according to context and to approved usage, and it is broader than 'contract' and broader than 'tort' although it may include both, and is that combination of acts and events, circumstances and defaults which, viewed in one respect, results in plaintiff's right of action, and viewed in another aspect results in defendant's right of action, and the term applies to any dealings of the parties resulting in wrong without regard to whether the wrong is done by violence, neglect or breach of contract. * * * 59 Nev., 481.''

Bouvier's Law Dictionary (Rawle's 3 Ed.) defines a transaction as ''the doing or performing of any business; the management of an affair. *Montague* v. *Thomason,* 91 Tenn., 173'' or ''a group of facts so connected together as to be referred to by a single legal name; as, a crime, a contract, a wrong. Stephen Dig. Evid. art 3.''

And according to Ballentine's Law Dictionary (2 Ed.), ''as employed in the usual code provision for the setting up of a

counterclaim arising out of the contract or 'transaction' set forth in the complaint, the courts have not arrived at a wholly satisfactory definition of the word, but it is held to include both contracts and torts, and the question is not whether the two transactions originated at the same time and place and between the same parties, but 'did each cause of action accrue or arise out of the same transaction—the same thing done.' '' See, also, 47 American Jurisprudence, 743, Section 44.

The authorities, therefore, quite generally agree that the word, ''transaction,'' as it is used in ''counterclaim'' sections of the statutes includes a tort. And so we might generally conclude that, in the present case, the word, ''transaction,'' includes a tort, and that, therefore, the motion to strike was not well taken and that it was properly overruled by the trial court.

But let us look at the situation in Ohio. In *Mogle* v. *Black* (1890), 5 C. C., 51, 3 C. D., 27 (affirmed by the Supreme Court without opinion, *Black* v. *Mogle,* 51 Ohio St., 582), it was held that ''in an action to recover damages for a tort the defendant may counterclaim for damages for a tort committed by plaintiff arising out of, or connected with, the cause of action set forth in the petition.'' Now it is very true that that case must be differentiated from the instant case, inasmuch as the defendant in the former case was counterclaiming against the plaintiff, while, in the instant case, one defendant is counterclaiming against another defendant.

Let us examine the pertinent statutes at the time.

Section 5071 of the Revised Statutes of Ohio, in force January 1, 1890, provided that:

''The defendant may set forth in his answer as many grounds of defense, counterclaim, and set-off as he has, whether they are such as have been heretofore denominated legal or equitable, or both; he may claim therein relief touching the matters in question in the petition against the plaintiff, or against other defendants in the same action; and each must be separately stated and numbered, and they must refer in an intelligible manner to the causes of action which they are intended to answer.''

And, Section 5172 of the Revised Statutes provided that:

''The counterclaim mentioned in the preceding section

must be one existing in favor of a defendant, and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action.''

Though it be true that Section 5071 contemplated a counterclaim by the defendant against the plaintiff only, Section 5072 provided for a counterclaiming by a defendant against another defendant in the same case. And so the Supreme Court of Ohio found in *Peter* v. *Farrel Foundry & Machine Co.,* 53 Ohio St., 534, 42 N. E., 690.

Therefore, the problems that have presented themselves in this case have, in this court's opinion, been solved:

1. The word, ''transaction,'' includes a tort.

2. The present statute clearly provides for the filing of a counterclaim by one defendant against another defendant in a case involving the same transaction.

3. The Supreme Court, in affirming the Circuit Court in *Black* v. *Mogle, supra,* has approved the filing of a counterclaim by a defendant against a plaintiff in a tort case, and the same court, in *Peter* v. *Farrel Foundry & Machine Co., supra,* has allowed a cross-petition against another defendant.

There remains only the case of *Mayer* v. *Klug,* 10 Ohio App., 303, to be dealt with. The syllabus of that case is as follows:

''The owner of an automobile who has been joined with a traction company as defendant in an action for damages for injuries received by a street car passenger as the result of a collision, can not under Section 11317, General Code, file a counterclaim against the traction company and thus litigate his rights as against the traction company in such action.''

After stating the facts in the case, the court sets forth the statute involved, and defines the word, ''transaction,'' and adds that: ''The counterclaim here does not fall within the provisions of the statute relating to contract or transaction.'' In other words, it holds that a tort is not comprehended under the term, ''transaction.''

In the matter of that case (*Mayer* v. *Klug*), this court might overrule it as not being in accordance with the law of Ohio, or

it might find that it failed to follow the Supreme Court in *Black* v. *Mogle*, or it might differentiate that case from the instant case.

The court will attempt this last-named role. In the *Mayer case,* Klug was a passenger of a traction company. As such passenger, there was owing to him by the traction company a higher degree of care than the traction company owed to Charles F. Mayer, the driver of the automobile that had collided with a vehicle of the traction company, and a higher degree of care than the said Charles F. Mayer owed to the traction company.

And, indeed, the Court of Appeals in this regard speaks as follows: "The complexities that would arise in a trial into which were injected several controversies involving different standards of care, and different measures of damages * * * might well merit the characterization of 'extraordinary intermingling of causes of action,' used by the court in *City of Cleveland* v. *The Standard Contracting Co. et al.,* 21 C. C. (N. S.), 604, 605."

In the case at bar there are no "different standards of care and different measures of damages" involved. Hence, we must conclude that the circumstances are different in the two cases and that there is not necessarily a conflict in the different findings. And this court should add that it would not necessarily have come to the same conclusion as the one reached in the *Mayer case, supra,* had the circumstances in the present case been similar to those in the *Mayer case.*

The judgment of the Court of Common Pleas, affirming the judgment of the Municipal Court of Cincinnati, is, therefore, affirmed.

*Judgment affirmed.*

MATTHEWS, P. J., and LONG, J., concur.