No. 41,695

Fred Doss, *Appellee*, v. C. N. McClelland and Robert McClelland, Partners, Doing Business As Pittsburg Tank and Tower Company, a Partnership, *Appellants*.

(348 P. 2d 837)

Opinion filed January 23, 1960.

*Rollie P. Emmitt, Jr.*, of Pittsburg, argued the cause, and *Pete Farabi*, of Pittsburg, and *Marcus A. Broussard, Jr.*, of Abbeville, Louisiana, were with him on the briefs for the appellants.

No appearance by appellee.

The opinion of the court was delivered by

Wertz, J.: Fred Doss, plaintiff (appellee), a resident of the state of Louisiana, brought this action in the district court of Crawford county on October 22, 1958, against C. N. and Robert McClelland, defendants (appellants), residents of this state, to recover approximately $4,000 in commissions allegedly due him as a salesman under a contract with defendants. Defendants' answer denied plaintiff's right to recover. Defendants' cross petition contained four causes of action, three of which related to plaintiff's breach of a restrictive covenant, with which we are not concerned.

The fourth cause of action alleged that on March 29, 1957, plaintiff, then also claiming the same commissions due him under the same contract, filed suit against defendants in Louisiana and on the same day wrongfully procured a writ of sequestration to be issued against defendants' property then situated in Louisiana; that defendants' property had been attached and taken from them on March 30, thereby depriving them of the use of said property in their business. It was further alleged that the writ of sequestration was dissolved on June 23 by the Louisiana court as being wrongfully procured and issued, and the right to sue for damages and attorney fees was reserved to the defendants herein; that said judgment was not appealed from by plaintiff and defendants sought by their answer and the fourth cause of action of their cross petition to recover damages suffered by reason of the wrongful attachment of their property in Louisiana.

From an order of the trial court sustaining plaintiff's motion to strike defendants' fourth cause of action, they appeal. Neither the grounds for plaintiff's motion to strike nor the court's reason for striking is set forth in the record, and plaintiff has failed to present us with a counter abstract or brief in this case, nor has he made an appearance or attempt to aid this court in. arriving at a legal conclusion. Such practice does not have our approval. Only recently, in *Boggs v. City of Augusta*, 180 Kan. 831, 833, 308 P. 2d 72, we said:

"Before proceeding further we are confronted with another problem, not recognized by either party. Each has been guilty of failing to comply with Rule 5 (G. S. 1949, 60-3826; 174 Kan. XI.) of this court. Appellant because its abstract fails to reproduce all portions of the record necessary to read in order to arrive at a full understanding of the questions presented for review, so that no examination of the record itself need be made for that purpose; and appellee because he has failed, after making claim that the abstract is incomplete for the purposes stated in the Rule, to furnish a counter abstract correcting claimed omissions or inaccuracies in the abstract. Notwithstanding the heavy burden, which it may be noted we are not required to assume, placed on this court by reason of the omissions in question and principally because the parties must accept joint responsibility for the status of the record, we have decided to proceed and dispose of this cause as best we can on the basis of our own independent examination of the record. Even so, for the benefit of any member of the Bar who may be inclined to similarly ignore the Rule in the future, we feel impelled to point out that derelictions of the nature in question may properly be regarded as limiting the scope of appellate review on questions raised by any of the parties involved in an appeal or, in extreme cases, warranting dismissal of the appeal itself."

It appears from the inadequate record presented that the only question involved is whether defendants' fourth cause of action set forth a proper counterclaim or setoff to plaintiff's cause of action.

G. S. 1949, 60-710 provides, among other things, that an answer shall contain a statement of *any new matter constituting* a defense, counterclaim or setoff, or a right to relief *concerning the subject of the action,* and a defendant may set forth in his answer as many grounds of defense, counterclaim, setoff and for relief as he may have, whether they be such as have been heretofore denominated legal or equitable, or both.

G. S. 1949, 60-711 provides that the counterclaim mentioned must be one existing in favor of the defendant and against the plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim *or connected with the subject of the action.*

G. S. 1949, 60-713 provides that a setoff may be pleaded in an action for the recovery of money and must be a cause of action for the recovery of money.

In enacting the above-mentioned statutes, it was the legislative intent and purpose to permit a defendant to include in his answer counterclaims or setoffs on any of the grounds designated in the statutes in order to obtain a complete determination or settlement of such controversies in a single action and to thus avoid a multiplicity of suits. (*Salina Coca-Cola Bottling Corp. v. Rogers,* 171 Kan. 688, 693, 237 P. 2d 218; *Drennan v. Chalfant,* 177 Kan. 633, 282 P. 2d 442, and cases cited under the mentioned statutes.) There can be no doubt that in the instant case the counterclaim or setoff complied with the statutes. All the claims grew out of the same contract and transaction and were directly connected with the subject of the action; *i. e.,* plaintiff's right to recover. A several judgment might have been rendered in an independent action by the defendants based on the allegations of the fourth cause of action of their cross petition.

The pertinent portions of the decisions in the cases of *Salina Coca-Cola Bottling Corp. v. Rogers,* supra, and *Drennan v. Chalfant,* supra, are controlling here, and no further comment is necessary. It follows that the order sustaining plaintiff's motion to strike defendants' counterclaim or setoff as alleged in their fourth

cause of action was erroneously sustained and the judgment is therefore reversed with directions to the trial court to reinstate the same.

It is so ordered.