No. 43,055

C. N. McClelland, d/b/a Pittsburg Tank & Tower Company, *Appellant,* v. Michigan Surety Company, *Appellee.*

(378 P. 2d 72)

Opinion filed January 26, 1963.

*Rollie P. Emmitt, Jr.,* of Pittsburg, argued the cause and *Pete Farabi,* of Pittsburg, was with him on the briefs for the appellant.

No appearance by appellee.

The opinion of the court was delivered by

Jackson, J.: This is an appeal from the granting of a motion to quash service of summons upon the appellee which was made under G. S. 1949, 40-218, by sending a summons together with the accompanying papers to the commissioner of insurance who made service on the appellee company by sending the summons and pleadings to the home office in Michigan. The commissioner has shown by affidavit that the appellee voluntarily surrendered its certificate of authority to do business in Kansas as of the date of January 6, 1960. Papers in the record show that the appellee company obtained the right to do business in Kansas in 1955.

We pause here to observe that we are hindered in this appeal by the fact that appellee has not seen fit to appear before this court and has filed no brief herein. We note that the same action was taken in a related case found in *Doss v. McClelland,* 186 Kan. 173, 348 P. 2d 837.

We note that the binding effect in section 40-218 is as follows:

"Every insurance company, or fraternal benefit society, on applying for authority to transact business in this state, and as a condition precedent to obtaining such authority, shall file in the insurance department its written consent, irrevocable, that actions may be commenced against such company or fraternal benefit society in the proper court of any county in this state in which the cause of action shall arise or in which the plaintiff may reside by the service of process on the commissioner of insurance of this state, and

stipulating and agreeing that such service shall be taken and held in all courts to be as valid and binding as if due service had been made upon the president or chief officer of such corporation."

It is from appellant's petition filed in the lower court that we get the details of his cause of action. We shall endeavor to summarize the pleading.

It is alleged that appellant is a resident of Crawford county, and it is said in the brief that he has been such a resident since 1951. It is further alleged that in 1957 appellant and his brother were partners doing business under the name of The Pittsburg Tank and Tower Company; that on March 29, 1957, one Fred Doss commenced an action in Vermillion Parish, Louisiana, against the partnership and attempted to recover certain sums alleged to be due Doss as a salesman; that on the 29th of March, 1957, the Michigan Surety Company did make and execute a bond to the clerk of the district court of Vermillion Parish in the amount of $2,000 so that Doss might obtain a writ of sequestration to seize and sequester certain listed property belonging to the partnership. The bond was to indemnify the partnership if the writ of sequestration had been wrongfully issued. It was then shown that the court on June 23, 1957, did dissolve the aforesaid writ of sequestration as being wrongfully procured, and reserve unto the partnership the right to claim in appropriate proceedings all damages sustained by them for the illegal issuance of said writ of sequestration.

The petition in the current action then sets out that Doss came to Crawford county and brought an action on the same basis as was set out in his Louisiana action. The partnership filed a counterclaim based upon the wrongful sequestration in Louisiana and recovered a judgment which is now final as to Doss. The present action seeks to sue the Michigan Surety Company on the bond which the company issued for the benefit of Doss in Louisiana.

It will be noted that appellant is now the sole plaintiff in the present suit. It is alleged that appellant "at a time after all causes of action herein stated dissolved partnership in the Pittsburg Tank & Tower Company, whereby Robert McClelland for valuable considerations assigned all assets of the Pittsburg Tank & Tower Company to plaintiff, C. N. McClelland."

It would appear that the motion to quash filed by the insurance company misstated the facts somewhat in its statement of reasons for the granting of the motion, especially in these particulars, which we quote from the motion, to wit:

". . . that the defendant was neither authorized to do nor doing business in the State of Kansas at the time of the alleged execution of the alleged surety bond, or at the time of the filing of the plaintiff's petition or at the time of the issuance and service of the pretended summons nor at any other intervening time."

Since the bond was issued on March 29, 1957, and the company was doing business in Kansas from 1955 until the day of January 6, 1960, it would seem that the company was doing business in Kansas at the time the bond was written and when the Louisiana action was concluded on June 23, 1957. So it would appear that the company was in Kansas when the action on the bond arose and that appellant at that time was a resident of Crawford county, Kansas, and would possess the cause of action in Kansas and at his domicile in Crawford county where he resided.

It will be seen that the action by Fred Doss in Crawford county was begun on October 22, 1958, when the Michigan Surety Company was still in Kansas but that it was not concluded until September 14, 1961, after the company had withdrawn from doing business in the state.

In the case of *Penna. Fire Ins. Co. v. Gold Issue Mining Co.*, 243 U. S. 93, 37 S. Ct. 344, 61 L. Ed. 610, the supreme court of the United States construed a Missouri statute which must have been quite like our own statute. The court speaking through Mr. Justice Holmes said:

"The construction of the Missouri statute thus adopted hardly leaves a constitutional question open. The defendant had executed a power of attorney that made service on the superintendent the equivalent of personal service. If by a corporate vote it had accepted service in this specific case there would be no doubt of the jurisdiction of the state court over a transitory action of contract. If it had appointed an agent authorized in terms to receive service in such cases, there would be equally little doubt. *New York, Lake Erie & Western R. R. Co. v. Estill*, 147 U. S. 591. It did appoint an agent in language that rationally might be held to go to that length. The language has been held to go to that length, and the construction did not deprive the defendant of due process of law even if it took the defendant by surprise, which we have no warrant to assert. *O'Neil v. Northern Colorado Irrigation Co.*, 242 U. S. 20, 26. Other state laws have been construed in a similar way; *e. g., Bagdon v. Philadelphia & Reading Coal & Iron Co.*, 217 N. Y. 432. *Johnston v. Trade Insurance Co.*, 132 Massachusetts, 432." (p. 95.)

In *Buchanan v. Insurance Co.*, 108 Kan. 520, 196 Pac. 249, this court recognized that the withdrawal of an insurance company did not end the right of the superintendent of insurance to act as an agent for process where the company still had outstanding obliga-

tions within the state, and construed our own statute in much the same manner as the Missouri court had done in the Pennsylvania Fire Insurance case.

In 23 Am. Jur., Foreign Corporations, § 500, p. 514, the majority rule is stated as follows:

"Although there is some authority to the contrary, the prevailing rule is that a foreign corporation which has qualified to do business in the state and for which an agent to receive process in suits against it has been designated cannot, by ceasing to do business in the state and withdrawing therefrom, escape from the jurisdiction of the courts of such state as to suits brought by residents of the state on causes of action arising while the corporation was doing business in the state. The mere cessation of business and withdrawal from the state do not revoke the authority of the designated agent to receive service in such suits, and the corporation cannot, according to the prevailing rule, accomplish such a result by an attempt expressly to revoke the agency, either where the statute expressly provides that it shall be irrevocable so long as liabilities in the state remain outstanding or in the absence of such a provision, but is in all such cases bound by service on the designated agent."

The rule appears to be that if a resident of this state has acquired a right against an insurance company while the company was admitted to do business within this state, plaintiff, being a resident of Kansas, may bring his action and obtain service by serving the commissioner of insurance even though the company has now withdrawn from the state. As pointed out above, appellant in this suit became possessed of his right of action in Crawford county at his residence when the bond in Louisiana was first made. That was approximately three years before the company withdrew from the state. There would have been no question if plaintiff had begun his action before defendant company withdrew from the state, and since plaintiff possessed the right of action before withdrawal, we believe under the facts of the case the right to obtain service on the commissioner of insurance was irrevocable.

In our opinion, the trial court should have overruled the motion to quash, and the case is reversed and remanded with directions to overrule the motion and to allow plaintiff to carry on the suit.