STATE, *v.* SCHOTTENSTEIN.

Municipal Court, Cincinnati.

Nos. 106232, 107522. Decided February 1963.

210

*Mr. Ralph E. Cors*, assistant prosecutor, for city of Cincinnati.

*Messrs. Goodman & Goodman*, for defendant.

DENNING, J.   In each of the above cases an affidavit was filed in this Court, charging the defendant as follows:

No. 106232: "Betty Ann Blum, being first duly cautioned and sworn, deposeth and says that one Ben Schottenstein, being the manager and person in charge of the 'Ben's Department Store', 8th and Central Avenue, Cincinnati, Ohio on the 11th day of November, A. D. 1962 at and in the City of Cincinnati, County of Hamilton, and State of Ohio, did unlawfully and knowingly permit a building or place, to-wit, the 'Ben's Department Store,' 8th and Central Ave., Cincinnati, Hamilton County, Ohio, to be open for the transaction of business on Sunday, contrary to and in violation of Section 3773.24, Revised Code, and against the peace and dignity of the State of Ohio, the said Ben Schottenstein having been previously convicted of a violation of Section 3773.24, Revised Code, on the 29th day of Nov., 1960, being case No. 60142, Judge Daniel C. Handley presiding, is hereby charged as a second offender."

No. 107522: "Harold Freytag, being first duly cautioned and sworn, deposeth and says that one Ben Schottenstein, being the owner of a building located at 721-27 Central Ave., known as 'Ben's Department Store', on the 16th day December A. D. 1962 at and in the City of Cincinnati, County of Hamilton and State of Ohio, did unlawfully and knowingly permit said building to be open for the transaction of business on the first day of the week, commonly known as Sunday, contrary to and in violation of Section 3773.24, Revised Code, and against the peace and dignity of the State of Ohio, the said Ben Schottenstein having been previously convicted of a violation of Section 3773.24, Revised Code, on the 21 day of Nov., 1962, in the Cincinnati Municipal Court, Judge Gilbert Bettman presiding, being case number 77037, is hereby charged as a second offender."

As to each of these affidavits, a Motion to Quash was filed by the defendant, on the following grounds:

"1) The charging of a second offense is directly in conflict with the provision of Section 3773.24, Revised Code, in that said Section shows on its face that no proceeding shall be instituted more than ten (10) days from the charged offense.

"2) The Affidavit fails to charge an offense under said Statute.

"3) The defendant is engaged in the business of selling musical, sporting goods, toys and traveling equipment and luggage and as such falls under the specific exemption of the Statute as to traveling, recreation, sport and amusement, which exemptions are not negatived in the Affidavit."

We will discuss first the second objection, to-wit:

"The Affidavit fails to charge an offense under said Statute."

In Section 2941-54, Revised Code, "Motion to quash." we find:

"A motion to quash may be made when there is a defect apparent upon the face of the record, within the meaning of Sections 2941.02 to 2941.35, inclusive, Revised Code, including defects in the form of indictment and in the manner in which an offense is charged."

Since a Motion to Quash searches the record we look to the wording of the affidavits, the pertinent part of which, briefly and concisely stated, is that the defendant did, on November 11, 1962 and on December 16, 1962, permit to be *open* the door of Ben's Department Store for the *transaction of business on Sunday.*

Webster's New International Dictionary 2nd Ed. defines "Transaction" as "a business deal; an act involving buying and selling as, the transactions on the exchange: . . an action or activity involving two parties or two things mutually affecting or reciprocally influencing one another."

We find, in *Mayer* v. *Klug,* 10 Ohio App., 303;

"A 'transaction' is the doing or performing of some matter of business between two or more persons."

In Ohio Words and Phrases, page 564;

"The doing or performing of any business; in management of any affair."

Webster's New International Dictionary 2nd Ed. defines

"Business" as "Mercantile transactions. Buying and selling; Traffic; also—formerly—official or other dealings."

In *State* v. *Parker*, 2 CC (NS), page 40:

"The term 'business' includes all enterprises of whatever character conducted for gain, profit or income and extends to personal service occupations."

In Ohio Words and Phrases, page 92, *Ranson & Co.* v. *Evatt*, 142 Ohio St., 398, in the same volume, we find

" 'Business' is that which occupies the time, attention, and labor of men for the purpose of livelihood or profit."

*Wallingford* v. *Slattery*, 51 Ohio App., 225—200 N. E., 206 Bouvier's Law Dictionary, page 143, states:

" 'Business': That which occupies the time and labor of men for the purpose of livelihood or profit. The doing of a single act pertaining to a particular business will not be considered engaging in or carrying on the business."

The word "open" is defined in Webster's International Dictionary as "to unclose or unlock."

These definitions suggest two queries.

1st: Does the unclosing of a door or the unlocking of a building violate Section 3773.24, Revised Code? And—

2nd: If no charge of a mercantile nature, such as buying or selling, is made, is this a violation of said statute?

It is obvious that the affidavits in both cases follow the wording of the Statute, Section 3773.24, Revised Code, to-wit:

"No person . . . shall . . . open . . . a building or place for transaction of business . . . on Sunday."

But is this sufficient without alleging some overt transaction or naming some person who was injured thereby or with whom a transaction was made?

Section 2941.05, Revised Code, reads:

"In an indictment or information charging an offense, each court* shall contain, and is sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. *(count)"

In Section 2941.07, Revised Code—Forms in charging offenses—we find that any offense requires the name of the person offended, for instance:

"Adultery, A. B. a married person, cohabiting in a state of adultery with *C. D.*"

"Assault. A. B. assaulted *C. D.* in a menacing manner.

"Assault and Battery. A. B. committed assault and battery on *C. D.*

"Larceny. A. B. stole from *C. D.* in the value of $.....

"Murder. A. B. purposely and maliciously killed *C. D.*" and so on, through all of the categories of offense to and including Robbery.

In Section 2941.08, Revised Code—entitled "Certain defects do not render indictment invalid"—we find no paragraph which makes an affidavit valid by omitting the names of persons aggrieved. However, paragraph (J) states that "For want of averment of matter not necessary to be proved;"—in other words, an affidavit which omits matter necessary to be proved is invalid.

In 28 Ohio Jurisprudence (2d), page 423, Sec. 24, reads:

"Generally speaking, the same strictness is not required in regard to an affidavit charging a criminal offense as is required in regard to the averments in an indictment or information, except from the standpoint of informing the accused of the nature and cause of the accusation against him ... However, it has been said that if there is any relaxation of the rules relating to affidavits generally, it is as to matters of form only, and not as to matters of *substance*."

Sec. 24 idem:

"The facts alleged in a criminal charge must be laid positively. Nothing can be left to implication, intendment, or inference which it is necessary to prove in order to make out the crime."

*Schlesinger* v. *State*, 11 Ohio St., 669.

We reason, then, that it is necessary, to constitute a crime, that all the elements necessary must be averred. The mere words "permit said building to open for the transaction of business on Sunday" do not inform the accused of the gravamen of the offense that he did transact a certain business deal with a specified person or persons.

The words "for the transaction of business" is a conclusion and not a statement of fact necessary to be proved. How

is the prosecution going to prove the intention of the accused when he unlocks his door? For what purpose he opens the door is locked within the gates of his mental processes and we know of no legal way to probe into his mind to ascertain his thoughts.

It is true that an averment of fact such as a sale or business deal to or with another person or persons could prove his purpose but the affidavit is silent as to this material fact.

If we are to consider that the mere opening or unlocking of a door to permit the owner to enter, for whatever purpose, is a crime then we have progressed not one iota in our quest for liberty and freedom of the individual in the last three hundred years. Mrs. Alice Morse Earl's history "The Sabbath in Puritan New England" cites several cases, to-wit:

"In 1670 two lovers, John Lewis and Sarah Chapman, were accused for 'sitting together on the Lord's day under an apple tree in Goodman Chapman's orchard.'"

"A Captain Kemble of Boston was, in 1656, set for two hours in the public stocks for his 'lewd and unseemly behavior' which consisted in kissing his wife publicly on the Sabbath day, upon the doorstep of his house on his return from a three years' voyage."

"An English sea captain was soundly whipped for a like offense."

"A man who had fallen into the water and absented himself from church to dry his only suit of clothes, was found guilty and publicly whipped."

It would not be far removed from the present day to the 17th Century, then, if we were to hold that a person is guilty of a crime merely by unlocking his door. As noted above, there is no averment that he did transact business with any person.

This Court is in agreement with the theory of the police power of the State: that laws may be promulgated for the protection of the health, welfare, and safety of the general public but we cannot, by any mental acrobatics or distortion of logic, hold that the mere opening of a door by an owner of a business is a violation of the law, in that it affects the health, welfare, or safety of the public.

In ruling on these Motions to Quash, we are not concerned with the economic or competitive features of the present-day

mercantile practices of certain business establishments that open on Sunday but we concern ourselves only with the interpretation of the law that will protect the individual liberties, rights, and freedoms of the accused. We hold that the dictum of the Court should not be more restrictive of these liberties and freedoms than the law states, but less restrictive. It is therefore the opinion of the Court that the affidavits in both cases do not charge an offense under Section 3773.24, Revised Code, and the Motions to Qaush are therefore granted.

In addition to the above finding, the Court holds the Affidavits void because they were filed by private citizens, whereas they should have been filed by the Prosecuting Attorney. *State, Appellee,* v. *Bowman, Appellant*: 116 Ohio St., 285—Ohio Bar Report, dated February 4, 1963.

Finding as we do, for the above reasons, we deem it unnecessary to pass upon the first and third paragraphs of defendant's Motions. As to the charge of the second offense in each of the affidavits, the Court holds that these charges fall if the present charge is not sustained.