UNITED STATES of America, Appellant,

v.

William Edward HENRY, d/b/a Arctic Acoustic and Dry Wall Co., Jones-Western, a joint venture consisting of Jones Enterprises, Inc., and Western Ltd., Securities Mortgage Company, a Washington corporation, and Alaska Title Guaranty Company, an Alaskan corporation, Appellees.

William Edward HENRY, d/b/a Arctic Acoustic and Dry Wall Co., Appellants,

v.

JONES–WESTERN, a joint venture consistting of Jones Enterprises, Inc., and Western, Ltd., Securities Mortgage Company, a Washington corporation, and Alaska Title Guaranty Company, an Alaskan corporation, and United States of America, Appellees.

Nos. 777, 774.

Supreme Court of Alaska.

May 19, 1967.

Richard L. McVeigh, U. S. Atty., for the United States.

Richard P. Kerns and Neil S. Mackay, Anchorage, for William Edward Henry, d/b/a Arctic Acoustic & Dry Wall Co.

Donald A. Burr, of Burr, Boney & Pease, Anchorage, for Jones-Western, Securities Mortgage Co. and Alaska Title Guaranty Co.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

## OPINION

William Henry, a subcontractor, agreed with Jones-Western to furnish certain labor and materials in the construction of an apartment building in Anchorage. Before the building was completed it was destroyed by an earthquake. Jones-Western contended that it was not liable to Henry for the work that had been performed by him prior to the earthquake by reason of Article 6 of the written subcontract which provided:

> The Sub-Contractor agrees * * * (i) to indemnify and save harmless the Contractor and/or Owner against all damages which they or either of them may sustain by reason of the elements, any other person, any other craft, any other sub-contractor or any other thing for damaging, defacing, destroying, etc. any materials or work of the Sub-Contractor

prior to the agency final approved construction inspection * * *.

The superior court agreed with Jones-Western, holding that damages sustained "by reason of the elements" included damages caused by earthquake, and granted a summary judgment in favor of Jones-Western. Henry's assignee, the United States, has appealed, claiming that the court was in error.

■ The term "damage by the elements" means damage which results from the destructive forces of nature,[1] such as fire, floods, wind, rain, snow, frost and heat.[2] Both parties agree that the term "elements" is to be construed in its popular sense as meaning fire, air, earth and water.[3] Since one of the "elements" in its popular sense is earth, damage by the elements includes that caused by turbulence in the earth's surface resulting from an earthquake—a destructive force of nature. The court below was correct in holding that damage by the elements includes damage caused by earthquake.

■ Relying upon the rule that ambiguous language in a contract is to be construed most strongly against the party by whom the contract was prepared or the ambiguous language used,[4] the United States argues that since the subcontract was a printed form presented by Jones-Western to Henry for signature, it should be construed against Jones-Western and in favor of Henry, and that if this is done the provision with regard to damage sustained by reason of the elements should be construed as not including damages caused by an earthquake. The answer to this contention is that the rule relied upon by the United States has application only where a contract is ambiguous—where it can be interpreted more than one way and there is nothing to indicate the meaning intended.[5] The rule has no application where there is no ambiguity, for then there is nothing to construe.[6]

■ That is the situation here. There is no ambiguity. The subcontract clearly places on Henry, prior to completion of the building, the risk of loss as to work and materials furnished by him where the loss was caused by "reason of the elements", which includes an earthquake. For the same reason the entry of summary judgment was not improper. There being no ambiguity, there were no factual issues as to the meaning of the subcontract to be resolved by means of extrinsic evidence.

The judgment is affirmed.

1. Van Wormer v. Crane, 51 Mich. 363, 16 N.W. 686, 688 (1883).

2. See Edwards v. Ollen Restaurant Corp., 198 Misc. 853, 98 N.Y.S.2d 815, 820 (1950); O'Neal v. Bainbridge, 94 Kan. 518, 146 P. 1165, 1167 (1915); Polack v. Pioche, 35 Cal. 416, 424, 95 Am.Dec. 115 (1868); Harris v. Corliss, Chapman & Drake, 40 Minn. 106, 41 N.W. 940, 941, 2 L.R.A. 349 (1889); Salina Coca-Cola Bottling Corp. v. Rogers, 171 Kan. 688, 237 P.2d 218, 221 (1951). See the following cases which state that "damage by the elements" is equivalent to "damage by act of God": Pope v. Farmers' Union & Milling Co., 130 Cal. 139, 62 P. 384, 53 L.R.A. 673 (1900); Polack v. Pioche, supra; Kirby v. Wylie, 108 Md. 501, 70 A. 213, 215, 21 L.R.A., N.S., 129 (1908).

3. Black's Law Dictionary 612 (4th ed. 1951).

4. Pepsi Cola Bottling Co. v. New Hampshire Ins. Co., 407 P.2d 1009, 1013 (Alaska 1965); Lumbermens Mut. Cas. Co. v. Continental Cas. Co., 387 P.2d 104, 108 (Alaska 1963); Eastmount Constr. Co. v. Transport Mfg. & Equip. Co., 301 F.2d 34, 41 (8th Cir. 1962); 17A C.J.S. Contracts § 324, p. 217 (1963).

5. Pepsi Cola Bottling Co. v. New Hampshire Ins. Co., 407 P.2d 1009, 1013 (Alaska 1965); Travelers Ins. Co. v. Castro, 341 F.2d 882, 884 (1st Cir. 1965).

6. Ness v. National Indem. Co., 247 F.Supp. 944, 947 (D.C.Alaska 1965); Pepsi Cola Bottling Co. v. New Hampshire Ins. Co., 407 P.2d 1009, 1013 (Alaska 1965).